**Calixto COLON, Plaintiff(s)**

**v.**

**Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant(s).**

**Civil No. 04–1785 (JAG).**

United States District Court,
D. Puerto Rico.

July 15, 2005.

section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), of a final determination rendered by the Commissioner denying him disability insurance benefits (Docket No. 1). Both parties have filed memoranda in support of their respective positions (Docket Nos. 7, 8). Upon review of the record, the Court concludes that the Commissioner's findings are supported by substantial evidence. Accordingly, the Court **AFFIRMS** the Commissioner's decision.

## FACTUAL BACKGROUND

Colon was born on October 14, 1958. He has a seventh grade education and previously worked as a carpenter. On August 10, 2002, he filed an application for disability and disability insurance benefits alleging an inability to work since January 29, 2002, due to a right knee operation, back pain, and a nervous condition. The Social Security Administration ("SSA") denied the application initially and on reconsideration. On April 27, 2004, the Administrative Law Judge ("ALJ"), upon *de novo* review, found that Colon was not under a disability. On June 10, 2004, the Appeals Council denied review of the ALJ's decision, rendering it the final decision of the Commissioner, subject to judicial review.

## DISCUSSION

To establish entitlement to benefits, Colon bears the burden of proving that he became disabled within the meaning of the Act. *See, e.g., Deblois v. Secretary of HHS,* 686 F.2d 76, 79 (1st Cir. 1982). Colon may be considered disabled within the meaning of the Act only if he is unable to perform any substantial gainful work because of a medical condition that can be expected to last for a continuous period of at least 12 months. *See* 42

Pedro A. Fuentes–Rivera, Pedro A. Fuentes Rivera Law Office, Manati, PR, for Plaintiffs.

Katherine Gonzalez–Valentin, United States Attorney's Office, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On December 27, 2004, plaintiff Calixto Colon ("Colon") sought review, pursuant to

U.S.C. §§ 416(i)(1), 423(d)(1). Colon's impairment must be so severe as to prevent him from working, not only in his usual occupation, but in any other substantial gainful work considering his age, education, training, and work experience. *See* 42 U.S.C. § 423(d)(2)(A). Evidence of a physical impairment cannot suffice for an award of disability insurance benefits; Colon must also be precluded from engaging in any substantial gainful activity by reason of such impairment. *See, e.g., McDonald v. Secretary of HHS*, 795 F.2d 1118, 1120 (1st Cir.1986). Moreover, Colon's complaints cannot provide the basis of entitlement when they are not supported by medical evidence. *Avery v. Secretary of HHS*, 797 F.2d 19, 20–21 (1st Cir.1986).

■ The findings of fact made by the ALJ "are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir.1999). The resolution of conflicts in the evidence and the ultimate determination of disability are for the ALJ, not the courts. *See Rodriguez v. Secretary of HHS*, 647 F.2d 218, 222 (1st Cir.1981).

■ In this case, the ALJ found that Colon suffered from several ailments but did not have an impairment or combination of impairments listed in or medically equal to the Commissioner's Listing of Impairments. The ALJ found that Colon has the residual functional capacity to lift and carry up to fifty (50) pounds, stand, walk and sit about six (6) hours in an 8–hour work day; and he was able to perform simple, routine, and repetitive tasks. He concluded that Colon could return to his former type of work as a carpenter and that he was therefore not disabled. In reaching this conclusion, the ALJ considered all the medical evidence on record. Colon claims that he suffers from severe and constant pain and that the ALJ did not properly consider this. The ALJ, however, did consider Colon's allegations of pain but found them not credible to the degree alleged, in light of the medical evidence on the record and of the absence of a condition which would cause the alleged degree of pain. Based on the medical evidence, the ALJ found that the alleged pain was not sufficiently severe as to prevent Colon from returning to his past relevant work. Therefore, because the ALJ did properly consider pain in reaching his decision, Colon's arguments to remand the case lack merit.

Colon also claims that he has a depressive disorder that constitutes a disability. In January 2002, Colon was evaluated by Dr. Edelmiro Rodriguez, who found that Colon has a depressive disorder but that his affect and speech were adequate; his thoughts were coherent and relevant; his judgment, appearance, and memory were good; that he was capable of handling his own funds; that he did not present phobias, delusions, paranoia, grandiose or religious ideas; and that he denied suicidal or homicidal ideas. On November 30, 2003, Dr. Ruth Rivera Malave, Colon's psychiatrist, submitted a mental residual functional capacity assessment opining that Colon was markedly limited in almost all areas of functioning. The ALJ rejected this assessment of disability because he found that it was not supported by Dr. Rivera's own clinical findings and by her prior report, where she had ruled out recurrent major depression with psychotic features. Thus, the ALJ properly considered the whole of the medical evidence on the record and concluded that Colon's depression does not constitute a disabling mental condition.

Because the ALJ's determination is sufficiently supported by the evidence on the record, the Court will accordingly affirm the Commissioner's decision.

## CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Commissioner's decision denying Colon disability insurance benefits. Judgment shall enter accordingly.

IT IS SO ORDERED.